**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Case No. 25-CR-270 (SLS)** |
| **v.** | : | |
| | : | |
| **OMARI JUAN BEIDLEMAN,** | : | |
| | : | |
| **Defendant.** | : | |

**REPLY IN SUPPORT OF GOVERNMENT'S**
**MOTION TO DISMISS WITHOUT PREJUDICE AND OPPOSITION TO**
**DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, submits this reply in further support of the government's Motion for Leave to Dismiss Without Prejudice, ECF No. 20, (the "government's Motion") and Opposition to Defendant's Motion to Dismiss with Prejudice, ECF No. 21 (the "Defendant's Motion").

The Defendant's Motion should be denied, and the government's Motion should be granted. The Government has elected to proceed against the Defendant in Superior Court for valid, legitimate reasons. Its actions do not constitute harassment, the impermissible seeking of a tactical advantage, or run counter to the public interest. The Defendant's motion is also based on inaccurate speculation about the Government's charging decisions. Put simply, the law and facts do not warrant a dismissal with prejudice.

**PROCEDURAL HISTORY**

On August 29, 2025, the Defendant was arrested for assaulting, resisting, or impeding certain officers and employees of the United States pursuant to 18 U.S.C. § 111(a). As alleged in the Statement of Facts, Defendant got into a fight on the Metro. Two National Guardsman attempted to separate the Defendant and the other man. The Defendant threatened to kill the

National Guardsmen, spat in the face of one of the Guardsmen twice, and grabbed at one of the Guardsmen's body armor, firearm magazines, and sidearm. The Defendant succeeded in lowering the hood of the holster, which secures the sidearm in the holster.  Metro Transit Police were called to the scene and took the Defendant into custody.

The Defendant was charged by complaint in District Court. At his initial appearance in Superior Court on Saturday, August 30, 2025, the Defendant was released with conditions. A one-count Information was filed on September 8, 2025, charging the Defendant with assaulting, resisting, opposing, impeding, intimidating, and interfering with a federal officer or employee.  At a Status Conference of September 12, 2025, the case was set for trial on November 17, 2025.

The government is charging the Defendant in Superior Court with assault, pursuant to D.C. Code § 22-404(a)(1), which carries with it a maximum sentence of 180 days imprisonment.

## LEGAL STANDARD

Federal Rule of Criminal Procedure 48(a) provides that "[t]he government may, with leave of court, dismiss an indictment, information or complaint."  The Supreme Court has explained that the "'principle object of the leave of court requirement' has been understood to be a narrow one — 'to protect a defendant against prosecutorial harassment . . . when the [g]overnment moves to dismiss an indictment over the defendant's objection.'"  *United States v. Fokker Services B.V.*, 818 F.3d 733, 742 (D.C. Cir. 2016) (quoting *Rinaldi v. United States*, 434 U.S. 22, 29 n.15 (1977)). Therefore, a court reviews the government's motion under Rule 48(a) "primarily to guard against the prospect that dismissal is part of a scheme of prosecutorial harassment of the defendant through repeated efforts to bring—and then dismiss—charges." *Fokker Services*, 818 F.3d at 742.

As a general matter, Rule 48(a) only allows the court to reject the government's motion to dismiss without prejudice in "exceptional" cases due to the "strong presumption in favor of a no

prejudice dismissal[.]" *United States v. Borges*, 153 F. Supp. 3d 216, 219 (D.D.C. 2015). *See also, e.g.*, *United States v. Trump*, 757 F. Supp. 3d 82, 83 (D.D.C. 2024) ("When a prosecutor moves to dismiss an indictment without prejudice, there is a strong presumption in favor of that course. A court may override the presumption only when dismissal without prejudice would result in harassment of the defendant or would otherwise be contrary to the manifest public interest.") (citations and quotation marks omitted).

The question of whether to dismiss a case pursuant to Rule 48(a) with, or without, prejudice turns on whether the dismissal itself is being sought for an improper purpose, such as "to gain a tactical advantage" or to bring the case again under more advantageous circumstances. *United States v. Pitts*, 331 F.R.D. 199, 203 (D.D.C. 2019); *see also Rinaldi*, 434 U.S. at 30 (noting that "[t]he salient issue" in deciding whether to permit termination of prosecution under Fed. R. Crim. P. 48(a) is whether the government's "efforts to terminate the prosecution [] were tainted with impropriety"). The ultimate question for the Court is not whether the Government is acting in good faith or bad faith, though that is a factor to consider. *See United States v. Madzarac*, 678 F. Supp. 3d 42, 46, 48 (D.D.C. 2023); *see also United States v. Poindexter*, 719 F. Supp. 6, 11 (D.D.C. 1989) (stating that the "good faith" of the prosecutor "is not at issue" in deciding whether to dismiss charges with or without prejudice; instead, the "the question is the effect on the defendant"); *compare United States v. Hayden*, 860 F.2d 1483, 1487 (9th Cir. 1988) ("A fundamental consideration in addressing the propriety of a prosecutor's Rule 48(a) dismissal motion is whether the motion is made in good faith." (quotation marks omitted)); *United States v. Salinas*, 693 F.2d 348, 351 (5th Cir. 1982) ("The key factor in a determination of prosecutorial harassment is the propriety or impropriety of the Government's efforts to terminate the prosecution—the good faith or lack of good faith of the Government in moving to dismiss.").

As a practical matter, then, when the Government's request to dismiss an indictment without prejudice is challenged, the Government must first explain why "dismissal without prejudice would be in the public interest." *Madzarac*, 678 F. Supp. 3d at 46 (citing *United States v. Florian*, 765 F. Supp. 2d 32, 35 (D.D.C. 2011)). Once the Government meets this "exceedingly low threshold," the Court should grant dismissal without prejudice unless, after considering the purpose of the request, the Government's good faith, and the effect on the defendant, doing so "would result in harassment of the defendant or would otherwise be contrary to the manifest public interest." *Id.* at 46, 48 (quotation marks omitted).

Thus, where the government has sought dismissal without prejudice, courts instead have granted dismissal with prejudice only where the government has sought to dismiss a case to obtain a tactical advantage, harass the defendant, or otherwise rebring the case at a more advantageous time for the government.   For example, in *Pitts*, 331 F.R.D. at 204, the court denied the government's request to dismiss without prejudice where the government failed to timely seek DNA testing and sought to salvage the case by dismissing without prejudice with hopes to rebring the prosecution once DNA test results were received.  Specifically, the government advised the court that it was seeking dismissal "without prejudice in order to get the [DNA] tests done." *Id.* at 202.  Because the purpose of the dismissal without prejudice "was clearly tactical, to better position the government to try this case, which is clearly prohibited under D.C. Circuit precedent," the court dismissed the case with prejudice.  *Id.* at 205.

In *Poindexter*, the court declined to dismiss two counts of an indictment without prejudice where the Government was seeking to gain a tactical advantage by preserving the possibility of re-prosecuting the defendant at a time when he would not need access to classified documents.  719 F. Supp. at 11-12 & n.18.  Similarly, in *United States v. Fields*, 475 F. Supp. 903, 905-08 (D.D.C.

1979), the court dismissed an indictment with prejudice where the government indicted the defendant to coerce her cooperation in another case despite knowing that its key witness—without whom the government could not prosecute the defendant—was not credible. In *United States v. Derr*, 726 F.2d 617, 619 (10th Cir. 1984), the Tenth Circuit held that dismissal with prejudice was warranted where the government sought dismissal solely because it was dissatisfied with the state of the investigation and charges and the defendant was prepared to proceed to trial. And in *Salinas*, 693 F.2d at 353, the Fifth Circuit dismissed an indictment with prejudice on grounds that the government was engaging in harassment and improper maneuvering, when the government sought to dismiss a case on the first day of trial because it was unhappy with the jurors who had been selected.

## ARGUMENT

### I.    Dismissal Without Prejudice Would Serve the Public Interest

The Government has sought to dismiss charges against the Defendant in U.S. District Court to proceed against him in D.C. Superior Court. This is sufficient to meet the "*de minimis*[ ] burden to explain why dismissal without prejudice would serve the public interest." *Madzarac*, 678 F. Supp. 3d at 47. "Dismissing in one venue to allow charges to be brought in another venue is well within the bounds of permissible judgment for that of the prosecutor." *Id.* (internal quotation marks omitted). This is so too where, as here, the U.S. Attorney's Office for the District of Columbia elects to proceed against a defendant in federal court and then in local court, or vice-versa. *See, e.g.*, *United States v. Simmons*, Case No. 18-cr-344 (EGS), 2022 WL 1302888, at *19 (D.D.C. May 2, 2022) ("[T]he U.S. Attorney for the District of Columbia may elect to prosecute a given criminal defendant on federal rather than District charges, even though the former carry stiffer penalties. In fact, the prosecutor may select one alternative charge over another precisely because the selected offense carries a more severe sentence. Moreover, the prosecutor retains the right

before trial to change his mind and to re-indict a criminal defendant on more serious charges if the prosecutor decides that he charges initial brought do not adequately reflect the gravity of the defendant's conduct." (quotation marks and citations omitted)); *compare Salinas*, 693 F.2d at 351-2 ("The Executive remains the absolute judge of whether a prosecution should be initiated and the first and presumptively the best judge of whether a pending prosecution should be terminated. The exercise of its discretion with respect to the termination of pending prosecutions should not be judicially disturbed unless clearly contrary to manifest public interest.").

The Government's actions in the instant case are reasonable and support dismissal without prejudice. *First*, while the maximum punishment for the Defendant's charged conduct in Superior Court is less than the maximum punishment and the estimated Guideline range the defendant would face in District Court, the prosecution of the Defendant in Superior Court will facilitate an equally just resolution of this case. *Second*, while the Government does not concede that the Defendant's motion to dismiss (ECF No. 15) is meritorious, virtually any litigation carries some greater-than-zero risk, may have implications beyond the case at hand, and requires the commitment of scarce resources. *Compare United States v. Nix*, 6:15-cr-06126 (EAW), 2017 WL 4641257, at *4 (W.D.N.Y. Oct. 13, 2017) (allowing the Government to dismiss charges without prejudice in part to "conserve judicial, prosecutorial, and investigative resources" and the defendant would have faced "no additional punishment" given that he was already serving effectively a life sentence); *United States v. Johnson*, 20 F. Supp. 3d 144, 147-48 (D.D.C. 2013) (allowing the Government to preserve resources and promote efficiency by dismissing federal charges without prejudice and possibly rebringing them should the defendant's Superior Court murder conviction be overturned); *Florian*, 765 F. Supp. 2d at 35 (allowing the Government to dismiss charges

without prejudice in favor of prosecution elsewhere in order to "promote judicial economy and preserve scarce prosecutorial, defense, and investigative resources").

The present case is, therefore, readily distinguishable from cases where courts have denied leave for the government to dismiss charges without prejudice. The Government is not dismissing some charges but not others because some evidence is effectively unavailable, *see Poindexter*, 719 F. Supp. at 12, or dismissing the complaint in order to conduct forensic testing that could not be completed before a required date under the Speedy Trial Act, *see Pitts*, 331 F.R.D. at 201. This is not a case where the Government is requesting dismissal without prejudice to induce a defendant's cooperation in another case, *Fields*, 475 F. Supp. at 905-08, nor to seek a different jury, *see Salinas*, 693 F.2d at 352. In this case, the Government is appropriately dismissing the federal charges to pursue similar charges in Superior Court.

## II.    Dismissal Without Prejudice Would Not Constitute Harassment of the Defendant

The Government's charging decisions in this case do not constitute the impermissible seeking of tactical advantage or harassment of the Defendant, and neither is contrary to the public interest.

*First,* the Government can validly elect to proceed against a defendant in Superior Court but then elect to proceed against him in District Court for the same conduct to try to secure a greater sentence. *See Simmons*, 2022 WL 1302888, at *18-20 (holding that such a series of events does merit a dismissal with prejudice under Rule 48(a)). If it can do that, then surely it can elect to proceed against a defendant in District Court and then elect to proceed against him in Superior Court if, as here, he would face a statutory maximum sentence under the D.C. Code below the federal maximum and below the estimated federal Guideline range.

*Second*, if the Defendant would have prevailed on his motion to dismiss (ECF No. 15), the Government would likely have refiled charges in Superior Court as a result. *Compare United States v. Karake*, No. 02-cr-00256 (ESH), 2007 WL 8045732, at *2 (D.D.C. Feb. 7, 2007) (holding that the Government could dismiss a case without prejudice after its evidence had been rule inadmissible). The Defendant cannot now claim he is harassed by facing a situation that he likely would have faced as a result of winning the motion that he himself filed.

*Third*, the core of the Defendant's filing is speculation that the Government "is seeking the ability to hold the charges in abeyance indefinitely to someday charge [the Defendant] again in federal court." Def. Mot. at 5; *see also id.* at 4 ("The government is seeking leave to keep open the option of refiling of federal assault charges at some later time. Doing so "would objectively amount to harassment" by allowing "the prosecutor to dismiss charges but nevertheless keep them in abeyance for an indefinite period of time in the hope of expectation that something will turn up to remove the complications" of the initial prosecution."). Here, the Government "expressly disavow[s] any present intention to pursue criminal charges against" the Defendant in federal court." *Florian*, 765 F. Supp. 2d at 36. "The mere fact that a dismissal without prejudice leaves the door open to hypothetical future prosecution in this jurisdiction is not tantamount to prosecutorial harassment; were that the case, it is difficult to imagine when dismissal without prejudice would ever be appropriate." *Id.* Further, the Defendant does not face "an indefinite future of uncertainty over the status of this action." *Id.* If the Defendant pleads guilty or jeopardy attaches in Superior Court, Double Jeopardy would bar his prosecution in federal court for this conduct. *See United States v. Mills*, 964 F.2d 1186, 1193 (D.C. Cir. 1992).

## CONCLUSION

The Government has elected to proceed against the Defendant in Superior Court for valid, legitimate reasons. Its actions do not constitute harassment, the impermissible seeking of a tactical advantage, or run counter to the public interest. The Defendant's motion is also based on inaccurate speculation about the Government's charging decisions.  Accordingly, the Court should deny the Defendant's Motion and grant the Government's Motion to Dismiss Without Prejudice.


Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:     /s/ *Kate M. Naseef*
KATE M. NASEEF
VA Bar No. 87850
Assistant United States Attorney
U.S. Attorney's Office
Violent Crime & Narcotics Trafficking Section
601 D Street, NW
Washington, D.C. 20530